United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Napoleon Sardinas, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-24158-Civ-Scola |
| | ) |
| Resurgent Capital Services L.P., | ) |
| Defendant. | ) |

## Order

This matter is before the Court on the Plaintiff's unopposed motion to remand this case to state court. (ECF No. 14.) After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the motion. (**ECF No. 14**.)

Plaintiff Napoleon Sardinas initially filed this case in Florida state court on November 3, 2021, asserting two counts for violation of the Fair Debt Collection Practices Act ("FDCPA") and one count for violation of the Florida Consumer Collection Practices Act ("FCCPA") against Defendant Resurgent Capital Services L.P. ("Resurgent Capital"). (Not. of Removal, ECF No. 1, ¶ 1; Compl., ECF No. 1-1, ¶¶ 35-57.) The Plaintiff's claims relate to the transmission of the Plaintiff's personal information to third parties and the Defendant's policies regarding the maintenance of records. (Compl., ¶¶ 16, 23.) Defendant American Security removed this case from Florida state court on November 29, 2022, based on federal question jurisdiction. (Not. at ¶ 5.) Now, the Plaintiff requests that the Court remand the case to state court based on the Eleventh Circuit's recent decision in *Hunstein v. Preferred Collection & Management Services, Inc.*, arguing that the allegations in the complaint do not suffice to create standing in federal court. (Mot. to Remand, ECF No. 14, at ¶¶ 9, 17 (citing 48 F.4th 1236, 1247-48 (11th Cir. 2022)).) The Defendant does not oppose the motion. (*Id.* ¶ 18.)

Like the plaintiff in *Hunstein*, the Plaintiff fails to allege a concrete harm sufficient to demonstrate standing and to proceed in federal court; the Court therefore lacks jurisdiction. 48 F.4th at 1250 ("At bottom, Hunstein is simply no worse off because Preferred Collection delegated the task of populating data into a form letter to a mail vendor; the public is not aware of his debt . . . we find that no concrete harm was suffered here."). Accordingly, remand is proper here.

For the reasons stated above, the Court **grants** the joint motion to remand (**ECF No. 14**) and **remands** the case to state court. The Court **directs** the Clerk to **clos**e this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **County Court for the Eleventh**

**Judicial Circuit in and for Miami-Dade County**. Any pending motions are **denied** as moot.

**Done and ordered** in Miami, Florida, on October 21, 2022.

_____
Robert N. Scola, Jr.
United States District Judge